FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUL -8 AM 9: 12
R Cear
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JONATHAN HANS,

       Petitioner,

vs.

ANTHONY HAYNES, Warden,

       Respondent.

CIVIL ACTION NO.: CV211-088

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jonathan Hans ("Hans"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Hans' petition should be **DENIED**.

## STATEMENT OF THE CASE

Hans pled guilty in the Southern District of Indiana to conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A), and conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252(a)(2). Hans was sentenced to 120 months' imprisonment. In this petition, Hans asserts that he is entitled to receive credit for the 508 days he was in a facility with "jail like conditions" prior to his sentencing. (Doc. No. 1, pp. 3-5).

Respondent contends that Hans was not in official detention when he was in a Volunteers of America facility, which was a condition of his pretrial and presentence release on bond. Thus, Respondent alleges, Hans is not entitled to receive credit for these 508 days.

## DISCUSSION AND CITATION TO AUTHORITY

It is the duty of the United States Attorney General, acting through the Bureau of Prisons ("BOP"), to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). 18 U.S.C. § 3585 is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides, in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The time a defendant spends "at the Volunteers of America community treatment center while 'released'. . . pursuant to the Bail Reform Act of 1984 [is] not 'official detention' within the meaning on 18 U.S.C. § 3585(b)." Reno v. Koray, 515 U.S. 50, 65 (1995). Accordingly, a defendant so "released" is not entitled to credit against his sentence of imprisonment, even if the conditions of pretrial release are restrictive. Id.; Rodriguez v. Lamer, 60 F.3d 745, 748 (11th Cir. 1995). The BOP

implemented the Koray decision into Program Statement 5880.20 and stated, "[A] defendant is not entitled to any credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release[1] was a condition of bond or release on own recognizance[.]" P.S. 5880.28, (CN-03) Feb. 14, 1997, Page 1-14H (http://www.bop.gov/policy/progstat/5880_028.pdf).

Hans was arrested in the Northern District of Georgia in February 2009 and was transferred to the Southern District of Indiana in March 2009. On March 23, 2009, Hans was released on bond[2], and a condition of his release on bond was that he was to reside at a Volunteers of America center on lockdown status. (Doc. No. 6-1, p. 14). Hans was sentenced on May 19, 2010, and surrendered for service of his sentence on August 13, 2010. (Doc. No. 6, p. 3). Hans was not under "official detention" until August 13, 2010. Thus, he is not entitled to credit for the time he spent in a Volunteers of America center (from March 23, 2009, through August 13, 2010), as he was directed to report to this center as a condition of his release, not as part of a detention order.

---

[1] The BOP also stated in Program Statement 5880.20, "The Koray decision means, therefore, that time spent in residence in a CCC or similar facility as a result of the Pretrial Services Act of 1982 (18 U.S.C. § 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. § 3141-3143, former 3146), or as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence. In addition, a release condition that is 'highly restrictive,' and that includes 'house arrest', 'electronic monitoring' or 'home confinement'; or such as requiring the defendant to report daily to the U.S. Marshal, U.S. Probation Service, or other person; is not considered as time in official detention." P.S. 5880.20, Pages 1-14G, 1-14H. Official detention is defined "as time spent under a federal detention order." P.S. 5880.20, Page 1-14F.

[2] Hans received credit for the time served in federal custody from February 4, 2009 (the date of his arrest), through March 23, 2009 (the date he was released on bond). (Doc. No. 6-1, p. 27).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hans' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE